```
                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF OHIO
                          WESTERN DIVISION
```

DONALD DIEDERICH,                :
                                 : NO. 1:05-CV-00017
       Petitioner,               :
                                 :
                                 :
  v.                             :
                                 : **OPINION AND ORDER**
                                 :
CARL S. ANDERSON, Warden,        :
Grafton Correctional             :
Institution,                     :
                                 :
       Respondent.

      This matter is before the Court on the Magistrate Judge's September 8, 2006 Report and Recommendation (doc. 10). Petitioner filed no objection. For the reasons indicated herein, the Court ADOPTS the Magistrate Judge's Report and Recommendation, and DENIES with prejudice Petitioner's Writ for habeas corpus.

**I. Background**

      The Hamilton County, Ohio, Grand Jury indicted Petitioner in 2000, on one count of trafficking in marijuana in an amount that equated or exceeded 20,000 grams, in violation of Ohio Rev. Code § 2925.03(A) (doc. 10). Petitioner pled guilty, but then later withdrew his plea (Id.). After trial, a jury found him guilty as charged, and the court sentenced him to eight years of incarceration (Id.). Petitioner timely appealed his conviction, arguing that the trial court erred in qualifying an expert witness, in allowing testimony of prior acts, and in failing to instruct the

jury on the legal doctrine of abandonment (Id.). Petitioner also argued that his trial counsel was ineffective, that his conviction was against the manifest weight of the evidence, and that his conviction was based on insufficient evidence (Id.). Petitioner lost his appeal before the First District Court of Appeals, and the Ohio Supreme Court declined to hear his case, dismissing the appeal as not involving any substantial constitutional question (Id.).

On January 10, 2005, Petitioner filed the petition for Writ of habeas corpus that is presently before the Court (Id.). Petitioner raised four grounds for relief, 1) he was denied due process when the trial court permitted witnesses to testify concerning his prior acts, 2) that he was denied due process when the trial court qualified the investigating officer as an expert witness, 3) the trial court's decision was against the manifest weight of the evidence because it failed to instruct the jury on abandonment, and his counsel was ineffective for failing to raise the issue, and 4) he was denied effective assistance of counsel on appeal. After reviewing the petition, the Magistrate Judge issued a Report and Recommendation, recommending that the petition be dismissed, that no certificate of appealability should issue, and that the Court should deny Petitioner leave to proceed in forma pauperis on appeal (doc. 10).

Petitioner was served with the Report and Recommendation on or about September 8, 2006 (doc. 10). Petitioner subsequently

requested an extension of time to file his objections, which the Court granted (doc. 12). However, Petitioner ultimately filed no objections.

**II.  The Magistrate Judge's Report and Recommendation**

In his Report and Recommendation, the Magistrate Judge rejected each of Petitioner's grounds for relief as lacking in merit, and in the case of the fourth ground, as procedurally defaulted (doc. 10). As for ground one, the Magistrate Judge found no federal due process violation in the trial court's admission of evidence of Petitioner's prior acts (Id.). The state appeals court found such prior acts evidence indicative of a scheme, plan, or design showing involvement in a drug dealing operation, and accordingly, found such evidence properly admitted under Ohio Rev. Code. § 2945.59 (Id.). The Magistrate Judge concluded that even if the appeals court erred, state court evidentiary rulings do not rise to the level of federal constitutional claims "unless the error renders the proceeding so fundamentally unfair as to deprive the petitioner of due process" (Id.). The Magistrate Judge further reported that the Sixth Circuit has found no clearly established Supreme Court precedent that holds a state violates due process by permitting admission of propensity evidence  (Id. citing Bugh v. Mitchell, 329 F.3d 496, 512-13 (6th Cir. 2003)). Therefore, concluded the Magistrate Judge, the evidence was properly admitted under Ohio law, the admission did not render his trial

fundamentally unfair, and the appeals court decision is neither contrary to Supreme Court precedent nor an unreasonable application of federal law (Id.).

The Magistrate Judge likewise found no due process violation in the trial court's qualification of the investigating officer as an expert witness on the drug trade and language used in the telephone conversations admitted at trial (Id.).  The state appeals court cited Ohio case law approving of such qualification (Id.).  The Magistrate Judge concluded that the Court should defer to the state court's interpretation of its own rules of evidence, unless such interpretation would give rise to a fundamentally unfair trial (Id.).  The Magistrate Judge found that Petitioner has not demonstrated that the admission of the disputed testimony rendered his trial fundamentally unfair, particularly when other witnesses provided the same information as the investigating officer (Id.).  Even if the qualification of such witness as an expert was in error, the Magistrate Judge opined, this is the type of state law error not cognizable on habeas review (Id.).

As for Petitioner's third ground, the Magistrate Judge found that to the extent Petitioner claims his conviction is against the manifest weight of the evidence, such claim is a state law claim that the Court may not consider on habeas review (Id. citing 28 U.S.C. § 2254(a); Pulley v. Harris, 465 U.S. 37, 41 (1984)).  The Magistrate Judge further reported that because any

-4-

rational factfinder could have reasonably convicted Petitioner based on the evidence of Petitioner's phone conversations arranging the sale of marijuana, and Petitioner's admission to the police that he set up a deal between an informant and his co-defendant, Petitioner's claim that his conviction was not based on sufficient evidence is lacking in merit (Id.). The Magistrate Judge further found no due process violation in Petitioner's argument that the trial court erred by not instructing the jury on the issue of abandonment and that trial counsel was ineffective for failing to request such an instruction (Id.). The appeals court rejected such argument, finding no evidence that Petitioner unequivocally repudiated his criminal intent, and concluding that as such, Petitioner merited no instruction on abandonment (Id.). The Magistrate Judge found the decision of the appeals court fully supported on this issue, and thus found no basis for ground three of Petitioner's petition (Id.).

Finally, the Magistrate Judge found Petitioner's fourth ground procedurally defaulted, as he failed to raise his claims for ineffective appellate counsel in state court (Id.). In the alternative, the Magistrate Judge found the substance of Petitioner's claim lacking in merit under the analysis of Strickland v. Washington, 466 U.S. 668, 687 (1984) (Id.).

**III. Conclusion**

In accordance with 28 U.S.C. § 636(b), the Court has

-5-

reviewed the Magistrate Judge's Report and Recommendation <u>de</u> <u>novo</u>, finding it thorough and well-reasoned. The Court finds correct the Magistrate Judge's conclusions that Petitioner's grounds for relief as asserted in his petition are lacking in merit, and that Petitioner procedurally defaulted the claims in his fourth ground for relief.

Petitioner was afforded proper notice of the Magistrate Judge's Report and Recommendation as required by 28 U.S.C. § 636(b)(1)(C), including notice that failure to file timely objections to the Report and Recommendation could result in a waiver of further appeal. <u>See</u> <u>United States v. Walters</u>, 638 F.2d 947, 949-50 (6th Cir. 1981).

Having reviewed this matter, the Court finds the Magistrate Judge's Report and Recommendation well-taken. Accordingly, the Court hereby ADOPTS IN ENTIRETY the Magistrate Judge's Report and Recommendation (doc. 10). The Court further DENIES WITH PREJUDICE Petitioner's Petition for Writ of Habeas Corpus (doc. 1), and DENIES to issue a certificate of appealability with respect to the claims in the petition, because Petitioner has failed to make a substantial showing of a denial of a constitutional right based on these claims. Finally, the Court hereby CERTIFIES pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order would not be taken in good faith; leave to proceed <u>in</u> <u>forma</u> <u>pauperis</u> on appeal is therefore DENIED. <u>See</u> Fed. R. App. P.

-6-

24(a); <u>Kincade v. Sparkman</u>, 117 F.3d 949, 952 (6th Cir. 1997).

        SO ORDERED.

Dated: November 20, 2006    <u>/s/ S. Arthur Spiegel</u>
                                      S. Arthur Spiegel
                                      United States Senior District Judge